359 F.Supp.2d 831 (2005)
Mary CHAPMAN and Ordell Chapman, Plaintiffs,
v.
MORTGAGE ONE CORP., d/b/a H.F.C. Mortgage Corp., Defendant.
No. 4:04CV1627RWS.
United States District Court, E.D. Missouri, Eastern Division.
March 8, 2005.
*832 Steven J. Gunn, Washington University School of Law Civil Justice Clinic, St. Louis, MO, for Plaintiffs.
Scott M. McKinnis, Hockensmith Tatlow Zoole McKinnis, P.C., St. Louis, MO, for Defendant.

MEMORANDUM AND ORDER
SIPPEL, District Judge.
This matter is before me on Defendant's motion to stay the case and compel arbitration [# 5]. The issue has been fully briefed, and on February 17, 2005, I heard oral arguments from the parties. During the hearing, I indicated to the parties that I did not believe there was any indication in the record that a valid agreement to arbitrated existed, but I gave the parties leave to supplement the record [# 20]. Defendant has not added any evidence to the record that would support a finding that a valid agreement to arbitrate exists between the parties. Because I find that no such agreement exists, Defendant's motion will be denied.
Background
The Chapmans are suing H.F.C. Mortgage Corp. (HFC) for, inter alia, violations of the Truth in Lending Act, 15 U.S.C. § 1601 et. seq. (TILA). On February 22, 2002, the Chapmans entered into a loan agreement with HFC in the amount of $148,402.10, payable over thirty years, with a fixed interest rate of 12.220% (the February 22 contract). The loan was secured by a deed of trust in the Chapmans' real estate. The February 22 contract contained an arbitration clause, which for the purposes of this Memorandum and Order I will assume to have been valid and enforceable.
On February 26, 2002, the third business day after the loan, the Chapmans exercised their unconditional right to rescind the loan under 15 U.S.C. § 1635(a), by signing and delivering to HFC the "Notice of Right to Cancel" form provided to the Chapmans as required by TILA. The form was notarized. Upon receiving the notice of rescission, HFC wrote "Rescinded 2/26/02" on the loan documents.
After HFC acknowledged the rescission, its agents contacted the Chapmans and offered to negotiate a new loan, which was to have an interest rate of 12.220% for the first month and a rate of 9% for the duration of the loan. The parties orally agreed to enter into the new loan on March 12, 2002. HFC did not provide the Chapmans with any paperwork or written documentation containing the terms of the March 12 oral discussion. More specifically, there *833 was no arbitration agreement submitted to the Chapmans. Nor did the Chapmans sign a note or deed of trust in connection with the March 12 oral discussion.
The only piece of paper that the Chapmans signed arising out of the March 12 oral discussion was a purported "Borrower's Notice of Confirmation." The Notice of Confirmation was on the back side of the Notice of Right to Cancel, which the Chapmans had signed on February 26, and which HFC had already accepted as a rescission of the February 22 contract. The Notice of Confirmation was not notarized.
Analysis
The issue before me is whether an agreement to arbitrate exists between the parties. If one exists, and if it encompasses the dispute, then I must grant HFC's motion to stay and compel arbitration. 9 U.S.C. § 2; Pro Tech Industries, Inc. v. URS Corp., 377 F.3d 868, 871 (8th Cir.2004). In order to get to this issue I will first have to decide whether the Chapman's signature on the "Borrower's Notice of Confirmation" form constituted a revival of the rescinded February 22 contract, or whether it is simply the only piece of paper the parties executed to document the March 12 oral discussion.
HFC concedes in its briefs, and it conceded during oral argument, that the February 26 contract was rescinded. HFC argues that the rescinded contract was "revived" when the Chapmans signed the "Borrower's Notice of Confirmation" on March 12. As a result, HFC argues, the arbitration clause in the February 22 contract is valid and enforceable.
The Chapmans argue that the February 22 contract was not revived because TILA does not contain a provision for the revival of rescinded loans, and that it would be improper for me, as a matter of statutory interpretation, to infer that such a provision exists. The Chapmans further argue that even if I were to analyze the revival issue under the common law, there would be no revival because there was no mutuality of agreement and because any agreement arising from the March 12 oral discussion had different terms than the February 26 contract.
I agree with the Chapmans that it would be improper of me to read into TILA a provision for the revival of rescinded contracts when Congress elected not to include any such provision. As a result, I find as a matter of law that a rescission under 15 U.S.C. § 1635(a) is not subject to revival.
However, even if a rescission under TILA were subject to common law revival, HFC's argument that a revival occurred would still fail. A rescinded contract "can be revived only by mutual consent." C.J.S. Contracts § 432. Furthermore, "[i]f a contract is to be revived, it must be reinstated in exactly the same terms as were present before it was voided." Id. In this case, the Chapmans have offered their affidavits as evidence that they were not assenting to revive the February 26 contract, but that it was their intention to enter into a different contract. Also, it is not disputed that the interest rate was lower for the alleged March 12 contract than it was for the February 26 contract. That is, the contract was not reinstated in exactly the same terms as were present before it was voided. As a result, HFC cannot successfully argue that a common law revival of the February 22 contract occurred.
HFC also argues that the arbitration clause contained in the February 22 contract should be enforced because it stated that "any claim, dispute, or controversy ... arising from or relating to [the *834 Loan] or the relationship which result[s] from [the Loan] ... shall be resolved ... pursuant to this arbitration provision." HFC argues that the alleged March 12 contract arose from or related to the relationship it established with the Chapmans when they entered into the February 22 contract. However, this argument fails because it does not take into account the effect of the rescission. When the February 22 contract was rescinded, its terms became void. HFC cannot now seek to enforce the terms of a voided contract.
Because the February 22 contract was rescinded, the arbitration agreement in that contract was rescinded. And because the alleged March 12 contract did not contain an arbitration clause, there is no arbitration clause before me to enforce. As a result, HFC's motion to stay and compel arbitration will be denied.
Accordingly,
IT IS HEREBY ORDERED that HFC's motion to stay the case and compel arbitration [# 5] is DENIED.